RECORD NOS. 15-7135; 15-7136 XAP

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

In The

# United States Court of Appeals
## For The District of Columbia Circuit

# UNITED STATES OF AMERICA, EX REL. STEPHEN SHEA,

and

# STEPHEN M. SHEA

*Plaintiff – Appellant/Cross-Appellee*,

**v.**

# CELLCO PARTNERSHIP, doing business as Verizon Wireless; VERIZON BUSINESS NETWORK SERVICES, INC.; VERIZON FEDERAL INC.; MCI COMMUNICATIONS SERVICES, INC., doing business as Verizon Business Services,

*Defendants – Appellees/Cross-Appellants*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

─────────────

## BRIEF OF APPELLANT/CROSS-APPELLEE

─────────────

Christopher B. Mead
Mark London
Stuart A. Berman
LONDON AND MEAD
1225 19th Street, NW, Suite 320
Washington, DC  20036
(202) 331-3334

*Counsel for Appellant/Cross-Appellee*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

I.     **PARTIES**

    A.     **DISTRICT COURT PARTIES**

The following parties appeared before the district court:

1.     Relator Stephen M. Shea.

2.     The United States (which did not intervene).

3.     Defendants Cellco Partnership d/b/a Verizon Wireless, Verizon Business Network Services Inc., Verizon Federal Inc., and MCI Communications Services, Inc. d/b/a Verizon Business Services (collectively referred to as "Verizon").

    B.     **PARTIES BEFORE THIS COURT**

1.     Appellant is Relator Stephen M. Shea.

2.     The United States (which did not intervene).

3.     Appellees are Cellco Partnership d/b/a Verizon Wireless, Verizon Business Network Services Inc., Verizon Federal Inc., and MCI Communications Services, Inc. d/b/a Verizon Business Services.

II.     **RULINGS UNDER REVIEW**

The following rulings are under review on appeal:

1.     On October 6, 2015, United States District Judge Gladys Kessler granted Defendants' Renewed Motion to Dismiss, dismissing Relator's Second Amended Complaint without prejudice under the first-to-file bar of the False Claims Act ("FCA"). The district court did not grant Defendants' motion to the

extent that it sought dismissal with prejudice under the FCA's public disclosure bar and Fed. R. Civ. P. 9(b).

## III.    RELATED CASES

This Court previously heard *United States ex rel. Shea v. Cellco Partnership, et al.*, No. 12-7133, on direct appeal of the district court's 2012 order dismissing Relator's Second Amended Complaint with prejudice for lack of subject matter jurisdiction under the first-to-file bar. A divided panel affirmed the district court's order. *United States ex rel. Shea v. Cellco Partnership*, 748 F.3d 338 (D.C. Cir. 2014). On June 1, 2015, the Supreme Court vacated this Court's judgment and remanded for further proceedings in light of *Kellogg Brown & Root Services, Inc. v. United States ex rel. Carter*, 135 S. Ct. 1970 (2015), its intervening interpretation of the first-to-file bar. *United States ex rel. Shea v. Cellco Partnership*, 135 S. Ct. 2376 (2015). On July 17, 2015, this Court vacated the district court's judgment and remanded for further proceedings in light of *Kellogg Brown & Root Services*. After remand, the district court dismissed the action without prejudice for failure to state a claim under the first-to-file bar. Defendants filed a cross-appeal of the district court's failure to dismiss with prejudice, which has been docketed as No. 15-7136 and consolidated with No. 15-7135. Counsel is not aware of any related cases currently pending.

# TABLE OF AUTHORITIES

**Page**

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES ...............i

TABLE OF CONTENTS.......................................................... iii

TABLE OF AUTHORITIES .....................................................v

JURISDICTIONAL STATEMENT .........................................1

STATEMENT OF ISSUES ...................................................1

STATUTE AT ISSUE ...........................................................1

STATEMENT OF CASE .......................................................1

    Verizon I .....................................................................2

    Verizon II....................................................................4

    Proceedings in the District Court on Remand .................6

SUMMARY OF THE ARGUMENT .....................................7

STANDARD OF REVIEW ...................................................9

ARGUMENT .......................................................................9

    I.    BECAUSE THE FIRST-TO-FILE BAR IS NON-
        JURISDICTIONAL AND VERIZON I WAS NOT PENDING
        WHEN THE SECOND AMENDED COMPLAINT WAS
        FILED, THE DISTRICT COURT ERRED IN DISMISSING
        THAT COMPLAINT ................................................9

    II.    THE DISTRICT COURT DID NOT HAVE THE BENEFIT
        OF *GADBOIS*, AND RELIED ON THE INAPPOSITE
        *CIRALSKY* CASE...............................................15

III.    APPLYING THE FIRST-TO-FILE BAR TO AMENDED OR
        SUPPLEMENTAL COMPLAINTS AFTER THE FIRST-
        FILED CASE IS NO LONGER PENDING DOES NOT
        SERVE THE BAR'S INTENDED PURPOSE...................................17

CONCLUSION ....................................................................................20

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Campbell v. Redding Med. Ctr.*,
421 F.3d 817 (9th Cir. 2005) .........................................................................17

*\*Ciralsky v. CIA*,
355 F.3d 661 (D.C. Cir. 2004).....................................................8, 15, 16, 17

*ConnectU LLC v. Zuckerberg*,
522 F.3d 82 (1st Cir. 2008)...........................................................................14

*Hackner v. Guaranty Trust Co. of New York*,
117 F.2d 95 (2d Cir. 1941) ...........................................................................20

*In re Natural Gas Royalties ex rel. United States v. Exxon Co., USA*,
566 F.3d 956 (10th Cir. 2009) ......................................................................17

*Judicial Watch v. United States*,
191 F. Supp. 2d 138 (D.D.C. 2002)..............................................................14

*\*Kellogg Brown & Root Services, Inc. v. United States ex rel. Carter*,
135 S. Ct. 1970 (2015)..........................................................9, 10, 13, 15, 18

*Krupski v. Costa Crociere S.p.A.*,
560 U.S. 538 (2010)......................................................................................20

*Muir v. Navy Federal Credit Union*,
529 F.3d 1100 (D.C. Cir. 2008)......................................................................9

*Pinson v. United States Dep't of Justice*,
69 F. Supp. 3d 108 (D.D.C. 2014) ............................................................... 11

*Rhodes v. Robinson*,
621 F.3d 1002 (9th Cir. 2010) ......................................................................14

*\*Chief Authorities are Designated by an Asterisk*

*Rockwell Int'l Corp. v. United States*,
  549 U.S. 457 (2007)....................................................................7, 11, 12, 13

*United States ex rel. Boise v. Cephalon, Inc.*,
  2016 U.S. Dist. LEXIS 12331 (E.D. Pa. Feb. 2, 2016)................................12

*United States ex rel. Branch Consultants v. Allstate Ins. Co.*,
  560 F.3d 371 (5th Cir. 2009) .........................................................................18

*United States ex rel. Branch Consultants v. Allstate Ins. Co.*,
  782 F. Supp. 2d 248 (E.D. La. 2011) ............................................................12

*United States ex rel. Carter v. Halliburton Co.*,
  2015 U.S. Dist. LEXIS 153541 (E.D. Va. Nov. 12, 2015) ...........................12

*United States ex rel. Carter v. Halliburton Co.*,
  710 F.3d 171 (4th Cir. 2013), *aff'd in part, rev'd in part sub nom.*,
  *Kellogg Brown & Root Services, Inc. v. United States ex rel. Carter*,
  135 S. Ct. 1970 (2015)...................................................................................18

*United States ex rel. Chovanec v. Apria Healthcare Group Inc.*,
  606 F.3d 361 (7th Cir. 2010) ...................................................................15, 16

*United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.*,
  579 F.3d 13 (1st Cir. 2009)............................................................................18

*United States ex rel. Gadbois v. Pharmerica Corp.*,
  809 F.3d 1 (1st Cir. 2015).........................................................7, 8, 13, 14, 15

*United States ex rel. Harris*,
  2013 U.S. Dist. LEXIS 142526 (D. Md. Oct. 1, 2013)................................16

*United States ex rel. Heath v. AT&T, Inc.*,
  791 F.3d 112 (2015), *petition for cert. filed*,
  No. 15-363 (U.S. Sept. 23, 2015). .......................................................6, 10, 15

*United States ex rel. Kurnik v. PharMerica Corp.*,
  2015 U.S. Dist. LEXIS 43378 (D.S.C. Apr. 2, 2015) ..................................12

*United States ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc.*,
    149 F.3d 227 (3d Cir. 1998) ..........................................................17

*United States ex rel. Lujan v. Hughes Aircraft Co.*,
    2000 U.S. Dist. LEXIS 22100 (C.D. Cal. Jan. 20, 2000) .............................16

*United States ex rel. Moore v. Pennrose Properties, LLC*,
    2015 U.S. Dist. LEXIS 37373 (S.D. Ohio Mar. 24, 2015) ..........................12

*United States ex rel. Palmieri v. Alpharma, Inc.*,
    928 F. Supp. 2d 840 (D. Md. 2013).........................................................12, 16

*United States ex rel. Poteet v. Medtronic, Inc.*,
    552 F.3d 503 (6th Cir. 2009) ......................................................................18

*United States v. Hicks*,
    283 F.3d 380 (D.C. Cir. 2002).....................................................................14

*Washer v. Bullitt County*,
    110 U.S. 558 (1884)..................................................................................... 11

*Wildearth Guardians v. Kempthorne*,
    592 F. Supp. 2d 18 (D.D.C. 2008)...............................................................14

## **STATUTES**

28 U.S.C. § 1291 ...............................................................................................1

28 U.S.C. § 1331 ...............................................................................................1

28 U.S.C. § 1345 ...............................................................................................1

31 U.S.C. § 3730(b)(5)......................................................................................1

31 U.S.C. § 3732(a) ..........................................................................................1

## **RULES**

Fed. R. Civ. P. 9(b) ..........................................................................................6

Fed. R. Civ. P. 15(a)(2)................................................................................14

Fed. R. Civ. P. 15(d) ..................................................................................14

## **OTHER AUTHORITY**

6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure
§ 1476 (3d ed. 2002)................................................................................. 11

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 31 U.S.C. § 3732(a). This Court has jurisdiction in Case No. 15-7135 under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1.      Whether the district court erred in dismissing Relator's action without prejudice for failure to state a claim pursuant to the FCA's non-jurisdictional first-to-file bar, 31 U.S.C. § 3730(b)(5), when the first-filed action ceased to be pending more than 18 months before the district court authorized Relator to file the operative Second Amended Complaint.

## STATUTE AT ISSUE

The district court dismissed without prejudice solely on the basis of the FCA's first-to-file bar, 31 U.S.C. § 3730(b)(5), which provides: "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."

## STATEMENT OF CASE

Relator Stephen M. Shea is a telecommunications consultant and the former managing director of TechCaliber LLC. During his career at TechCaliber, Shea specialized in negotiating and managing telecommunication contracts for large

commercial clients. TechCaliber's client list included many Fortune 100 companies. Before founding TechCaliber, Shea was a Senior Manager in Deloitte Consulting's networking practice. Shea has expertise in competitive analysis of tariffed and negotiated phone rates. Shea holds a BS in Engineering Management from the United States Military Academy and an MBA from Columbia University.[1]

During his consulting work, Shea learned that most telecommunication carriers were overcharging even large commercial customers with a multitude of poorly understood fees, surcharges, and taxes. Carriers then used misleading language to conceal these overcharges from their commercial customers. Shea also learned that surcharges passed on to the carriers' customers frequently had no correlation with the taxes and surcharges actually levied on the carriers. Shea found that sophisticated commercial customers did not realize they were being overbilled. Shea recovered over $50 million for his commercial customers.[2]

### *Verizon I*

In 2007, Shea filed Civil Action No. 07-cv-0111(GK), in the United States District Court for the District of Columbia ("*Verizon I*").[3] Shea alleged that WorldCom, later named MCI Communications Corp. and acquired by Verizon in

---

[1] JA 18, 46, 267-68.
[2] JA 47, 267.
[3] JA 212-31.

2006 (collectively "Verizon/MCI"), knowingly submitted false and fraudulent claims to the United States under its FTS2001 and FTS2001 Bridge Contracts with the General Services Administration ("GSA"). It did so by charging Federal Regulatory Fee surcharges, state sales, excise and utility taxes, as well as surcharges based on the following state and local fees: contributions and taxes assessed on the earner, public utility commission fees, state universal service fund and high cost fund contributions; state "deaf taxes;" state and local gross receipts taxes; business license fees; 911 taxes; tele-relay service charges; ad valorem taxes; and business, occupational, and franchise taxes.[4]

*Verizon I* was limited to the FTS2001 and FTS2001 Bridge Contracts with GSA.[5] *Verizon I* did not allege a corporate-wide Verizon/MCI fraud on every telecommunications contract with the United States. GSA was the only U.S. agency at issue in *Verizon I*. And *Verizon I* specifically *excluded* the Federal Universal Service Charge from its list of illegal surcharges. *See* Complaint, ¶ 66 ("The Federal Universal Service Fund surcharge, the PICC surcharge, and certain other taxes were acceptable line item charges under the FTS 2001 Contract.").[6]

---

[4] JA 225-29.
[5] *Id*.
[6] JA 229.

Verizon paid the United States $93.5 million to settle *Verizon I*, without admitting liability.[7] The *Verizon I* Settlement Agreement released Verizon only from conduct relating to the FTS2001 and FTS2001 Bridge Contracts.[8] *Verizon I* was dismissed with prejudice on February 28, 2011.[9]

*Verizon II*

While *Verizon I* was pending, Shea gathered information that Verizon entities were engaging in similar fraudulent conduct on other telecommunications contracts with the United States. On June 5, 2009, Shea filed this second *qui tam* action against Verizon Communications, Inc. ("*Verizon II*").[10] On November 30, 2011, the United States informed the district court that it was "not intervening at this time" in *Verizon II*.[11] On July 26, 2012, Shea filed a First Amended Complaint against Verizon Communications, Inc. and Cellco Partnership, d/b/a Verizon Wireless.[12] To ensure that the actual contracting entities for the named contracts were properly before the Court, the parties then stipulated to the filing of a Second Amended Complaint that was "substantively identical to the First Amended Complaint but substitutes Verizon Business Network Services Inc.; Verizon Federal Inc.; and MCI Communications Services, Inc. d/b/a Verizon Business

---

[7] JA 66-75.
[8] *Id*.
[9] JA 97, 119, 329.
[10] JA 5, 13-32.
[11] JA 35-36.
[12] JA 6.

Services in place of Verizon Communications Inc." (collectively "Verizon").[13] The

district court approved the stipulation by minute order.[14]

After the district court approved the stipulation to file an amended

complaint, Shea filed his Second Amended Complaint on September 12, 2012 –

more than 18 months after *Verizon I* was dismissed and ceased to be pending.[15]

The Second Amended Complaint updated the factual allegations in the original

*Verizon II* complaint to state that *Verizon I* had settled.[16]  It alleged that Verizon

committed fraud on 20 contracts not at issue in *Verizon I*.[17] While ten of those

contracts were with GSA, ten were with agencies not at issue in *Verizon I*: the

United States Postal Service, Department of Defense, Federal Emergency

Management Agency, Department of Justice, Department of Navy, and the Federal

Aviation Administration.[18] The Second Amended Complaint repeatedly alleged

that Verizon improperly charged the Federal Universal Service Charge, a surcharge

not at issue in *Verizon I*.[19]

The district court dismissed the Second Amended Complaint with prejudice

under the first-to-file bar. As described above, this Court affirmed, the Supreme

---

[13] JA 40-43.

[14] JA 7 (Minute Order following Docket Entry 48).

[15] JA 45-64.

[16] JA 48 (Second Amended Complaint, ¶ 5).

[17] JA 52-54 (¶ 28).

[18] *Id*.

[19] JA 54-59 (¶¶ 30-41).

Court vacated the judgment, and this Court remanded *Verizon II* to the district court. Before the remand, a different panel of this Court held that the first-to-file bar was non-jurisdictional. *United States ex rel. Heath v. AT&T, Inc*., 791 F.3d 112 (2015), *petition for cert. filed*, No. 15-363 (U.S. Sept. 23, 2015).

### *Proceedings in the District Court on Remand*

On remand, Verizon moved to dismiss the Second Amended Complaint with prejudice under the FCA's public disclosure bar and under Fed. R. Civ. P. 9(b). In the alternative, Verizon moved to dismiss without prejudice under the first-to-file bar.[20] On October 6, 2015, the district court rejected Verizon's public disclosure and 9(b) arguments, but dismissed without prejudice under the first-to-file bar.[21]

In its memorandum opinion, the district court acknowledged that the first-to-file bar was no longer jurisdictional in light of *Heath*. Nevertheless, the district court dismissed for failure to state a claim, holding that the first-to-file bar's proscription against bringing an action while another suit was pending prevented Relator from proceeding on the Second Amended Complaint even after the earlier suit was long over.[22] "The only way to cure this defect is for the Court

---

[20] JA 10.
[21] JA 326-27 (order), 328-60 (memorandum opinion).
[22] JA 351-56.

- 6 -

to dismiss Plaintiff's action – not merely his Complaint – so that he may file a new action now that *Verizon I* is no longer pending."[23]

Relator timely noted an appeal.[24] Verizon then noted a timely cross-appeal.[25]

## SUMMARY OF THE ARGUMENT

Because the first-to-file bar is non-jurisdictional, the district court had jurisdiction to receive Relator's Second Amended Complaint 18 months after *Verizon I* was no longer pending. Because *Verizon I* was no longer pending, the proscription of the first-to-file bar did not apply when Relator filed the Second Amended Complaint. Consequently, the ordinary rules allowing a plaintiff to amend or supplement a pleading to cure a failure to state a claim applied, and the original complaint became a dead letter.

Even if the first-to-file bar was jurisdictional, the Supreme Court's interpretation of the FCA in *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007), mandated that the district court focus on whether the Second Amended Complaint, not the original filing, stated a valid cause of action under the FCA. The First Circuit's recent decision in *United States ex rel. Gadbois v. Pharmerica Corp.*, 809 F.3d 1 (1st Cir. 2015), confirmed the same principle under the first-to-file bar.

---

[23] JA 356.
[24] JA 361-62.
[25] JA 363-64.

- 7 -

The district court ruled before the First Circuit decided *Gadbois.* At Verizon's urging, it erroneously relied on a case that had nothing to do with the FCA or the first-to-file bar. In *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004), this Court analyzed a tangled procedural history to conclude that it possessed appellate jurisdiction because the district court's order granting dismissal without prejudice in fact dismissed plaintiff's entire action, not just a particular complaint. *Id*. at 666-68. Verizon twisted that holding into a linguistic formulation that the word "action" in the first-to-file bar controlled amendments filed after the bar had ceased to apply.

The district court's refusal to permit *Verizon II* to proceed on the Second Amended Complaint was also inconsistent with the purpose and function of the FCA. Congress enacted the first-to-file bar to incentivize relators to file complaints under seal quickly. Because FCA suits remain under seal for years while the Government investigates them, subsequent relators cannot know whether a "related" case is "pending" when they file their own suits.

If the Government intervenes, the first-to-file bar does not apply. If the Government does not intervene, the first time that a relator can actually serve a complaint and proceed with litigation is after the Government has declined to intervene and the case comes out from under seal. If an earlier-filed suit is no longer "pending" when the relator is finally free to actually "bring" the action, the

first-to-file bar's proscription serves no function under the FCA, and no longer
applies.

## STANDARD OF REVIEW

This Court reviews *de novo* the dismissal of a complaint for failure to state a
claim. *Muir v. Navy Federal Credit Union*, 529 F.3d 1100, 1108 (D.C. Cir. 2008).

## ARGUMENT

**I.  BECAUSE THE FIRST-TO-FILE BAR IS NON-JURISDICTIONAL
    AND *VERIZON I* WAS NOT PENDING WHEN THE SECOND
    AMENDED COMPLAINT WAS FILED, THE DISTRICT COURT
    ERRED IN DISMISSING THAT COMPLAINT.**

The FCA's first-to-file bar provides that "[w]hen a person brings an action
under this subsection, no person other than the Government may intervene or bring
a related action based on the facts underlying the pending action." In *Kellogg
Brown & Root Services, Inc. v. United States ex rel. Carter*, 135 S. Ct. 1970
(2015), a unanimous Supreme Court limited the temporal scope of the bar:

> The term "pending" means "[r]emaining undecided; awaiting
> decision." Black's 1314 (10th ed. 2014). See also Webster's Third
> 1669 (1976) (defining "pending" to mean "not yet decided: in
> continuance: in suspense"). If the reference to a "pending" action
> in the FCA is interpreted in this way, an earlier suit bars a later suit while
> the earlier suit remains undecided but ceases to bar that suit once it is
> dismissed. We see no reason not to interpret the term "pending" in the
> FCA in accordance with its ordinary meaning.

*Id.* at 1978. The Court rejected the claim that "the first-filed action remains
'pending' even after it has been dismissed, and it forever bars any subsequent

related action," *id.* at 1979, and held "that a *qui tam* suit under the FCA ceases to be 'pending' once it is dismissed." *Id.*

Shortly after the Supreme Court decided *Kellogg Brown & Root Services,* this Court determined that the bar is non-jurisdictional. *United States ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112 (2015), *petition for cert. filed*, No. 15-363 (U.S. Sept. 23, 2015). *Heath* reversed an order dismissing an FCA action on jurisdictional grounds and held that the first-to-file bar's "text speaks only to who may bring a private action and *when*; it says nothing about the court's 'power' to consider such claims." 791 F.3d at 120 (emphasis added). The *Heath* panel wrote that the FCA's "statutory structure confirms what the plain text indicates," namely that the bar was not intended "to operate with jurisdictional force." *Id*. "Because nothing in the text or structure of the first-to-file rule suggests, let alone 'clearly state[s],' that the bar is jurisdictional, . . . we hold that the first-to-file rule bears only on whether a *qui tam* plaintiff has properly stated a claim." *Id.* at 121 (citations omitted).

Taken together, *Kellogg Brown & Root Services* and *Heath* mean that the district court always had jurisdiction over the *Verizon II* action. When the parties settled and dismissed *Verizon I* in February 2011, the first-to-file bar's proscription against "bring[ing] an action" ceased to apply. More than 18 months later, the district court approved a stipulation between Relator and Verizon and authorized

Relator to file the Second Amended Complaint in *Verizon II*. Because *Verizon I* was no longer pending, Relator was free to "bring" the Second Amended Complaint.

The district court's focus on the initial complaint in *Verizon II* ignored a line of cases dating back to *Washer v. Bullitt County*, 110 U.S. 558, 562 (1884), under which "[i]t is well established that once an amended complaint is filed, it supersedes the original complaint, thereby making the first complaint a 'dead letter' devoid of any legal effect and making the new complaint the operative document moving forward." *Pinson v. United States Dep't of Justice*, 69 F. Supp. 3d 108, 113 (D.D.C. 2014) (*citing*, *inter alia*, 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure [hereinafter Wright et al.] § 1476 (3d ed. 2002)).

Even in the context of a jurisdictional FCA procedural bar, the Supreme Court has mandated a focus on the final amended complaint, not on the complaint initially filed. In *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007), the relator won a jury verdict based on allegations in an amended complaint. Defendant argued that while the relator's initial complaint may not have violated the public disclosure bar, the relator based his amended complaint and trial theory on publicly disclosed information.

The public disclosure bar in effect at the time was jurisdictional. The Supreme Court's opinion in *Rockwell* recognized that the traditional rule was to

determine subject matter jurisdiction at the time an action is commenced. Nevertheless, in the specific context of the FCA, *Rockwell* held that "the term 'allegations' is not limited to the allegations of the original complaint. It includes (at a minimum) the allegations in the original complaint as *amended*." 549 U.S. at 473 (emphasis in original). "Thus, when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Id.* at 473-74.

While *Rockwell* reversed a judgment in favor of a relator, its holding cuts both ways. Some district courts have followed *Rockwell* and allowed FCA cases to proceed where the amended complaint corrects, rather than triggers, a statutory bar. As one court stated, when the amended complaint is filed after the first-to-file bar no longer applies, dismissing the amended complaint and requiring a new filing "would elevate form over substance…."[26]

---

[26] *United States ex rel. Palmieri v. Alpharma, Inc.*, 928 F. Supp. 2d 840, 851-52 (D. Md. 2013). *Accord United States ex rel. Kurnik v. PharMerica Corp.*, 2015 U.S. Dist. LEXIS 43378 at *10-17 (D.S.C. Apr. 2, 2015); *United States ex rel. Boise v. Cephalon, Inc.*, 2016 U.S. Dist. LEXIS 12331 at *13 (E.D. Pa. Feb. 2, 2016)("The Court's approach in *Kurnik* is bolstered by the [Supreme Court's] reasoning in *Carter* that Congress would not want an abandoned first suit to bar a potentially successful recovery for the government in a second suit…."). *Contra United States ex rel. Carter v. Halliburton Co.*, 2015 U.S. Dist. LEXIS 153541 (E.D. Va. Nov. 12, 2015); *United States ex rel. Moore v. Pennrose Properties, LLC*, 2015 U.S. Dist. LEXIS 37373 (S.D. Ohio Mar. 24, 2015); *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 782 F. Supp. 2d 248, 259-64 (E.D. La. 2011) (amending a complaint could not cure first-to-file bar).

Consistent with *Rockwell* and district court cases allowing amendments to cure procedural defects under the FCA, the First Circuit recently held that the first-to-file bar would not proscribe a relator from proceeding on a supplemental complaint that was filed after a first-filed action was no longer "pending." In *United States ex rel. Gadbois v. Pharmerica Corp.*, 809 F.3d 1 (1st Cir. 2015), the district court in Rhode Island dismissed relator's action under the first-to-file bar because a "related" action had been filed earlier in Wisconsin. While the case was on appeal, the Supreme Court decided *Kellogg Brown & Root Services, Inc. v. United States ex rel. Carter*, and the Wisconsin action was settled and dismissed.

Even though the First Circuit treats the first-to-file bar as jurisdictional, the court in *Gadbois* held:

> we think it manifest that the relator's case is well suited to a motion for leave to supplement. Developments occurring after the filing of the second amended complaint – the *Carter* decision and the dismissal of the Wisconsin action – have dissolved the jurisdictional bar that the court below found dispositive. Although the order of dismissal may have been proper at the time it was entered, the relator timely appealed and the critical developments occurred during the pendency of that appeal. Consequently, this case is analogous to the cases in which a jurisdictional prerequisite (such as an exhaustion requirement) is satisfied only after suit is commenced. Under the circumstances, it would be a pointless formality to let the dismissal of the second amended complaint stand – and doing so would needlessly expose the relator to the vagaries of filing a new action. We hold, therefore, that the relator's second amended complaint is eligible for the proposed supplementation.

809 F.3d at 6. The court remanded so that the district court could consider a motion to supplement. *Id.* at 8.[27]

Gadbois applies with full force in this case. Just as in *Gadbois*, Relator here filed his initial complaint while a first-filed action was "pending." Just as in *Gadbois*, the first-filed action then ceased to be "pending." Just as in *Gadbois*, this Court should recognize that the first-to-file bar's proscription does not apply to an amended or supplemental pleading filed after the first-filed case was no longer "pending." And just as in *Gadbois*, this Court should reject the "pointless formality" of dismissing the Second Amended Complaint and "expos[ing] the relator the vagaries of filing a new action." [28]

---

[27] There is no need to remand for supplementation here, because paragraph 5 of the Second Amended Complaint recited that *Verizon I* settled and demonstrated that the first-to-file bar had terminated. This Court has endorsed the use of a supplemental complaint "to set forth new facts that update the original pleading or provide the basis for additional relief…" *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002). The discretionary standards for approving amended and supplemental pleadings under Rules 15(a)(2) and 15(d) are similar. *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). The difference between an amended complaint under Rule 15(a) and a supplemental complaint under Rule 15(d) "is modest" and "the question of which label applies is more theoretical than real." *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008); *Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010) (Second Amended Complaint "was, in fact, a supplemental complaint, regardless of the label attached to it…").

[28] *See also Judicial Watch v. United States,* 191 F.Supp.2d 138, 139 (D.D.C. 2002) (Friedman, J.)(allowing a supplemental pleading to cure alleged jurisdictional defect where "it would be putting form over substance to dismiss the complaint and require plaintiff to start all over again by filing a new complaint" and dismissal "would … create 'precisely the kind of procedural mousetrap that the Federal Rules were designed to dismantle.'")(citation omitted).

- 14 -

## II.    THE DISTRICT COURT DID NOT HAVE THE BENEFIT OF *GADBOIS*, AND RELIED ON THE INAPPOSITE *CIRALSKY* CASE.

The district court did not have the opportunity to consider *Gadbois,* because the First Circuit decided that case after this appeal began. In its opinion dismissing without prejudice, the district court acknowledged that *Kellogg Brown & Root Services* meant that *Verizon I* ceased to be "pending" once it was dismissed. The district court also recognized that *Heath* meant that the first-to-file bar was not jurisdictional, and that the standard to be applied was whether the Second Amended Complaint stated a claim. Nonetheless, contrary to *Rockwell*, the district court continued to focus on the state of affairs at the time of the original complaint, and held that Relator was forever barred from pursuing *Verizon II* because he originally filed *Verizon II* while *Verizon I* was still pending.[29]

The district court erroneously relied on a few, distinguishable FCA cases. It quoted the Seventh Circuit's decision in *United States ex rel. Chovanec v. Apria Healthcare Group Inc.*, 606 F.3d 361, 362 (7th Cir. 2010): "[s]tatutes of this form are understood to forbid the commencement of a suit; an action (or a given claim within a larger action) brought while the condition precedent is unsatisfied must be dismissed rather than left on ice."[30] In *Chovanec*, however, the relator never amended or supplemented his complaint after the first-filed case ceased to be

---

[29] JA 351-56.
[30] JA 353.

- 15 -

pending. The Seventh Circuit implicitly treated the first-to-file bar as jurisdictional and never stated that the bar would mandate dismissal of an amended complaint filed after the first-to-file bar ceased to apply. Indeed, following remand, the district court in *Chovanec* allowed the relator to file an amended complaint, rather than requiring a new suit[31] – a fact not mentioned by the district court here.

The district court also cited two unpublished FCA district court opinions. *United States ex rel. Lujan v. Hughes Aircraft Co.*, 2000 U.S. Dist. LEXIS 22100 (C.D. Cal. Jan. 20, 2000); *United States ex rel. Harris*, 2013 U.S. Dist. LEXIS 142526 at *15 (D. Md. Oct. 1, 2013). Both cases explicitly treated the first-to-file bar as jurisdictional.[32] *Lujan* did not involve an amended complaint, and the "cursory request for leave to amend" in *Harris* "provided no specific allegations to cure the deficiencies noted by the Court." 2013 U.S. Dist. LEXIS 142526 at *19.

At Verizon's urging, the district court principally relied on a non-FCA case, *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004). The issue in *Ciralsky* was whether the district court's order granting dismissal without prejudice constituted an appealable final order. After reviewing a lengthy procedural history, this Court

---

[31] *See United States ex rel. Palmieri v. Alpharma, Inc.*, 928 F. Supp. 2d at 850 (discussing *Chovanec* proceedings on remand). The district court's minute entry in *Chovanec* allowing the amended complaint is at Dkt. 55, 04-cv-04543 (N.D. Ill.).
[32] *See Lujan*, 2000 U.S. Dist. LEXIS 22100 at *11 ("Section 3730(b)(5) has been interpreted as a 'first to file' rule which sets a jurisdictional bar to any related *qui tam* action"); *Harris*, 2013 U.S. Dist. LEXIS 142526 at *15 ("Any claim that is later filed and is based on the facts underlying the pending case must be dismissed for lack of jurisdiction")(internal citations omitted).

concluded that it possessed appellate jurisdiction because the district court's order

dismissed plaintiff's entire action, not just a particular complaint. *Id.* at 666-68.

Verizon stretched *Ciralsky* far beyond its holding or analysis to argue that the word

"action" in the first-to-file bar controlled amendments filed after the bar had ceased

to apply. But there is nothing in *Ciralsky* to support a proposition that the word

"action" in the FCA's first-to-file bar erects a perpetual barrier to amended and

supplemental complaints.

## III. APPLYING THE FIRST-TO-FILE BAR TO AMENDED OR SUPPLEMENTAL COMPLAINTS AFTER THE FIRST-FILED CASE IS NO LONGER PENDING DOES NOT SERVE THE BAR'S <u>INTENDED PURPOSE.</u>

The courts unanimously recognize the purposes of the first-to-file bar. The

FCA encourages whistleblowers to file suit as early as possible. The first-to-file

bar promotes that goal because it encourages "prompt disclosure of fraud by

creating a race to the courthouse among those with knowledge of fraud." *Campbell

v. Redding Med. Ctr.*, 421 F.3d 817, 821 (9th Cir. 2005); *United States ex rel.

LaCorte v. SmithKline Beecham Clinical Laboratories, Inc.*, 149 F.3d 227, 233 (3d

Cir. 1998). The bar also eliminates parasitic lawsuits that would reduce the original

relator's share. *See In re Natural Gas Royalties ex rel. United States v. Exxon Co.,

USA*, 566 F.3d 956, 961 (10th Cir. 2009) ("The first-to-file bar thus functions both

to eliminate parasitic plaintiffs who piggyback off the claims of a prior relator, and

to encourage legitimate relators to file quickly by protecting the spoils of the first to bring a claim.").[33]

Applying the first-to-file bar to terminate *Verizon II* does not further either of these goals. Relators file their initial complaints under seal. As the procedural history of *Verizon I* illustrates, FCA complaints frequently remain under seal for years while the Government investigates whether to intervene. If the Government intervenes, the first-to-file bar does not apply. If the Government does not intervene, the first time that a relator can actually serve a complaint and proceed with litigation is after the Government has declined to intervene and the case comes out from under seal.

If an earlier-filed suit is no longer "pending" when the relator is finally free to actually "bring" the action, the first-to-file bar's proscription no longer has any function with respect to the first-filed action. The race to the courthouse ended

---

[33] S*ee also United States ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 579 F.3d 13, 32 (1st Cir. 2009); *United States ex rel. Carter v. Halliburton Co.*, 710 F.3d 171, 181 (4th Cir. 2013)(while encouraging whistleblowers, the FCA also "seeks to prevent parasitic lawsuits based on previously disclosed fraud."), *aff'd in part, rev'd in part sub nom.*, *Kellogg Brown & Root Services, Inc. v. United States ex rel. Carter*, 135 S. Ct. 1970 (2015); *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376 (5th Cir. 2009)(FCA seeks to encourage suits from whistleblowers with "genuinely valuable information," while also discouraging "opportunistic plaintiffs from filing parasitic lawsuits that merely feed off previous disclosures of fraud"); *United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 516 (6th Cir. 2009).

years before. The first-filing relator has dismissed her claim; there is no need to protect her from a subsequent "parasitic" lawsuit seeking to divide the spoils.

Requiring dismissal of the subsequent FCA claim without prejudice imposes needless administrative burdens on litigants, the courts, and the Government. The relator needs to refile under seal, the clerk's office has to open a new action and assign it to a judge, and the Department of Justice must follow its procedures for dealing with a new case.

Beyond those minor headaches, applying the first-to-file bar in these circumstances has one potential real world consequence that could hurt taxpayers and unfairly and randomly benefit some defendants. Relator Shea filed *Verizon II* over six years ago. The statute of limitations is arguably six years. In any refiled lawsuit, Verizon will doubtless contend that the statute of limitations has erased over six years of the alleged conduct. Relator will contend that the doctrine of equitable tolling applies, the district court will have to rule, and the parties may have to write this Court again.

Congress made the public policy determination that the taxpayers would benefit from private enforcement of whistleblower suits on behalf of the Government. Applying the first-to-file bar in these circumstances would frustrate that statutory purpose, and would not advance the real purposes of the bar. On the other hand, reversing the district court would be consistent with the statutory

language and purpose, and would serve "the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010).

Many decades ago, Judge Clark – the chief draftsman of the Federal Rules of Civil Procedure – permitted an action to go forward on an amended complaint that cured a defective allegation of diversity jurisdiction "without the delay and expense of a new suit, which at long last will merely bring the parties to the point where they are now." *Hackner v. Guaranty Trust Co. of New York*, 117 F.2d 95, 98 (2d Cir. 1941). This Court should do the same.

## CONCLUSION

For these reasons, Relator Shea respectfully requests that this Court reverse the final order dismissing the Second Amended Complaint in *Verizon II* without prejudice and remand to the district court for further proceedings on the merits.

Respectfully submitted,

/s/ Christopher B. Mead
_____
Christopher B. Mead
Mark London
Stuart A. Berman
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036
Tel.: (202) 331-3334
Fax: (202) 785-4280
cmead@londonandmead.com

*Attorney for Appellant*
Dated: April 11, 2016

## **CERTIFICATE OF COMPLIANCE**

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*4,733*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: April 11, 2016                    /s/ Christopher B. Mead
                                         *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 11th day of April, 2016, I caused this Brief of

Appellant and Joint Appendix to be filed electronically with the Clerk of the Court

using the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

| | |
|---|---|
| R. Craig Lawrence | Seth P. Waxman |
| U.S. ATTORNEY'S OFFICE | Jonathan G. Cedarbaum |
| 555 4th Street, NW | Daniel Winik |
| Washington, DC  20530 | WILMER CUTLER PICKERING |
| (202) 252-2500 |   HALE AND DORR LLP |
| | 1875 Pennsylvania Avenue, NW |
| | Washington, DC  20006 |
| | (202) 663-6315 |
| | |
| *Counsel for the United States* | *Counsel for Appellees/Cross-Appellants* |

I further certify that on this 11th day of April, 2016, I caused the required

copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk

of the Court.

/s/ Christopher B. Mead
*Counsel for Appellant*